Ruffin, C. J.
 

 The counsel for the plaintiff endeavored to take the case out of the “act to make void parol contracts, for the sale of lands and slaves,” by assimilating a sale by a trustee in a deed of trust for securing and paying debts to a sale under execution, in which latter case it was held in
 
 Tate
 
 v.
 
 Greenlee,
 
 4 Dev. 149 that statute did not apply» But there is no analogy between the eases. The sale under an execution or a decree is that of the law, through its ministers, and upon that ground alone is founded the doctrine of the case cited. But in making his sale a trustee does not act under an authority from- the
 
 law,
 
 but
 
 upon
 
 his own title, simply; and it is immaterial, to this purpose, whether his title be to his own use or that of others.. It is said, indeed, that the trustee has no real interest in the subject, but is merely an agent for others and, therefore, that there are none of those dangers of fraud or perjury
 
 against
 
 which the statute meant to provide. But if he could be looked on apart from his title, a trustee is not the agent of the law, but of private parties, and the statute wisely applies equally to contracts of sale effected by agents or by the owners themselves.
 

 Per Curiam, Judgment affirmed.